Cynthia S. Sandoval (SBN 191390)
sandovac@jacksonlewis.com
Vandana Kapur (SBN. 281773)
vandana.kapur@jacksonlewis.com
JACKSON LEWIS P.C.
5000 Birch Street, Suite 5000
Newport Beach, California 92660
Tel:   (949) 885-1360
Fax:  (949) 885-1380

Attorneys for Defendants
QUALITY SYSTEMS, INC. and NEXTGEN
HEALTHCARE INFORMATION SYSTEMS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI WOLBERT,<br><br>             Plaintiff,<br><br>      vs.<br><br>QUALITY SYSTEMS, INC.,<br>NEXTGEN HEALTHCARE<br>INFORMATION SYSTEMS, and<br>DOES 1 through 10, INCLUSIVE.<br><br>             Defendants. | **CASE NO.:**  8:16-CV-9<br><br>[County of Orange Superior Court Case No. 30-2015-008233324-CU-WT-CJC]<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446**<br><br>[Filed concurrently with Declarations; Notice of Interested Parties; Notice of Related Cases; Corporate Disclosure Statement; and Civil Case Cover Sheet]<br><br>Complaint Filed:      December 3, 2015<br>Trial Date:              None Set |

**TO THE HONORABLE COURT, AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Quality Systems, Inc., and NextGen Healthcare Information Systems, LLC (improperly named in the Complaint as "NextGen Healthcare Information Systems") (collectively "Defendants"), hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) and remove this action from state court to federal court pursuant to 28 U.S.C. section 1446(b).  In support thereof, Defendants assert the following:

**DIVERSITY JURISDICTION**

1.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff Traci Wolbert ("Plaintiff") and all Defendants, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

**STATEMENT OF CASE**

2.     On or about December 3, 2015, Plaintiff filed a civil complaint against Defendants in the Superior Court of the State of California, in and for the County of Orange, entitled <u>Traci Wolbert v. Quality Systems, Inc.; NextGen Healthcare Information Systems; and DOES 1 through 10, inclusive</u>, Case No. 30-2015-008233324-CU-CJC. *See* Declaration of Cynthia S. Sandoval ("Sandoval Declaration"), Exhibit A.

3.     In her Complaint, Plaintiff asserts the following causes of action:  (1) sexual harassment and retaliation in violation of the California Fair Employment and Housing Act (the "FEHA"); (2) failure to prevent discrimination, harassment, or retaliation in violation of the FEHA; and (3) wrongful termination in violation of public policy. *See Id.*

**TIMELINESS OF REMOVAL**

4.     Plaintiff served Defendants pursuant to California Code of Civil Procedure ("CCP") Section 415.30, by providing a Notice of Acknowledgment and Receipt to Defendants' counsel, along with the Summons and Complaint on December 14, 2015 via hand-delivery.  *See* Sandoval Declaration, ¶3, Exhibit B.  Defendants' counsel executed the Notice of Acknowledgment and Receipt on December 14, 2015.  *Id.*

5.     Each defendant has thirty (30) days to remove after being brought into the case.  28 U.S.C. § 1446(b); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).  The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344 (1999).

6.     This Notice of Removal is timely in accordance to 28 U.S.C. § 1446(b) because it was filed within thirty (30) days of Defendants' receipt of the Complaint on

---

Case No.:  8:16-CV-9             2    DEFENDANT'S NOTICE OF REMOVAL OF
ACTION TO FEDERAL COURT

1

December 14, 2015.

2

### REMOVAL BASED ON DIVERSITY

3

4

5

6

7

7.     Removal of this action is proper because a case may be removed to federal court if it could have been brought in federal court originally.  28 U.S.C. § 1441(a); *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998).  28 U.S.C. § 1332 confers to federal courts original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and complete diversity exists between Plaintiff and Defendants.

### Diversity of Citizenship

8

8.     Plaintiff and all Defendants are diverse from one another.

9

10

11

12

13

9.     Plaintiff alleges in her Complaint that she "is, and at all times relevant herein was, a citizen and resident of Philadelphia, Pennsylvania."  *See Id*. at ¶ 2, Exhibit A, page 2, ¶ 2.  Therefore, Plaintiff is a citizen of Pennsylvania within the meaning of 28 U.S.C. section 1332(a) and for the purposes of diversity jurisdiction.  *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398 (9th Cir. 1996).

14

15

16

17

18

19

20

21

22

23

10.     Pursuant to 28 U.S.C. section 1332 (c)(1), a corporation is a citizen of any state in which it is incorporated in addition to the state where it maintains its principal place of business.  Here, Defendant Quality Systems, Inc., ("QSI") is incorporated in, and under the laws of, the State of California.  Moreover, QSI maintains its principal place of business in the State of California.   In addition, Defendant NextGen Healthcare Information Systems, LLC ("NextGen") is incorporated in, and under the laws of, the State of California.  *See* Declaration of Jocelyn A. Leavitt ("Leavitt Decl.") at ¶¶ 4-8.  Moreover, NextGen maintains its principal place of business in the State of California.  Therefore, under 28 U.S.C. section 1332 (c)(1), complete diversity among the parties exists.

24

25

26

27

28

11.     The United States Supreme Court has specifically recognized a corporation's "principal place of business" is its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*,130 S.Ct. 1181, 1186 (2010).  In practice, a corporation's "nerve center" is generally its corporate headquarters, provided that this is the actual center of direction, control, and

coordination and is not simply an office where board meetings are held. *Id*. at 1192. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id*.

12.   At the time Plaintiff filed her Complaint, and currently, Defendants' corporate headquarters are located in California.

13.   Defendants' corporate officers are based out of, and for purposes of citizenship, reside at its corporate headquarters in California.   Defendants' corporate officers are based out of California and engage in primary, fundamental operations in California. *See Id*. at ¶ 6.

14.   Defendants' corporate officers, based out of California, direct, control, and coordinate Defendants' services and overall business operations for its locations throughout the United States. *See Id.* at ¶ 7.

15.   Therefore, in addition to citizenship in their incorporated state of California, based upon the location of their officers and directors, Defendants' "nerve center" and principal places of business establish that Defendants are citizens of the State of California.

## Amount in Controversy

16.   In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiff will prevail on each and every one of her claims and aggregate the damages for each claim. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes Plaintiff prevails on liability)).

17.   The amount in controversy may include general and special compensatory damages and attorneys' fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  The Court may examine the nature of the action as well as the relief sought and take judicial notice of awards in similar cases. *See, e.g.,*

*Simmons v. PCR Technology*, 209 F. Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment cases often exceed damages).

18.    The nature of the causes of action set forth in Plaintiff's Complaint supports Defendants' reasonable good faith belief that Plaintiff seeks damages in excess of the jurisdictional amount of this Court ($75,000).   Specifically, as delineated in Plaintiff's Complaint:

        a.    Plaintiff seeks damages for "past and future wage loss, other pecuniary losses, loss of potential promotion and pay increase, emotional distress, grief, stress, anxiety, mental anguish, and loss of enjoyment of life in an amount to be proven at trial";

        b.    Plaintiff seeks "compensatory damages, equitable relief, attorneys' fees, and costs"; and

        c.    Plaintiff seeks punitive damages.   *See* Sandoval Declaration, Exhibit A; ¶ ¶ 65, 66,67, 75, 76, 77, 82, 83, 84 and Request for Relief.

19.    Plaintiff's causes of action for sexual harassment, failure to prevent discrimination and harassment, and/or retaliation can each independently satisfy the jurisdictional amount in controversy requirement.   For example, under the FEHA, lost earnings are generally calculated from the date of the adverse employment action through the date of judgment.   Cal. Govt. Code § 12965.   Plaintiff was terminated in January 2015, and any judgment in this case likely will not be rendered until December 2016. Thus, if successful, Plaintiff would seek nearly two (2) years of lost earnings alone. Moreover, California decisions from the Fair Employment and Housing Commission provide for the recovery of future loss of earnings for at least one (1) or two (2) additional years.   *Department of Fair Employment and Housing v. Centennial Bancorp,* FEHA Precedent Decision No. 87-03 (1987).   Thus, if Plaintiff were to prevail, she would seek to recover at least four (4) years' worth of wages alone which can independently satisfy the jurisdictional amount in controversy requirement.

20.    Furthermore, Plaintiff also seeks attorneys' fees and punitive damages.

Although Defendants strongly deny Plaintiff's allegations, if Plaintiff prevails on her claims and establishes liability, an award of attorneys' fees and of punitive damages could satisfy the jurisdictional amount in controversy requirement in and of itself. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees.")

21.     Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy, as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Watson v. Blankinship*, 20 F.3d 383, 386-387 (10th Cir. 1994).

## CONSENT TO REMOVAL

22.     Defendant Quality Systems, Inc. consents to removal.

23.     Defendant NextGen Healthcare Information Systems, LLC consents to removal.

## REQUIREMENTS OF REMOVAL

24.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, in and for the County of Orange, pursuant to 28 U.S.C. § 1446(d).

25.     This Notice of Removal is signed by counsel for Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## VENUE

26.     For the purposes of removal only, venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) because the state action was filed in this District and this is the judicial district in which the action was initially pled.[1]

---

[1] Defendants do not waive their right to challenge venue and, in fact, intend to file a Motion to Change Venue to the Eastern District of Pennsylvania once this matter is removed to Federal Court.

**CONCLUSION**

27.     By this Notice of Removal and the supporting exhibits, Defendants Quality Systems, Inc., and NextGen Healthcare Information Systems, LLC do not waive any objections as to service, jurisdiction, or venue, or any other defenses or objections to this action.     Defendants Quality Systems, Inc., and NextGen Healthcare Information Systems, LLC intend no admission or fact, law or liability by this Notice, and expressly reserve all defenses, motions, and/or pleas.

**WHEREFORE**, for the foregoing reasons, this Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a), and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.  Accordingly, Quality Systems, Inc., and NextGen Healthcare Information Systems, LLC respectfully request that this action proceed in this Court.

Dated:  January 5, 2016              JACKSON LEWIS P.C.


By: ___/s/_____
        Cynthia S. Sandoval (SBN 191130)
        sandovac@jacksonlewis.com
        Vandana Kapur (SBN 281773)
        vandana.kapur@jacksonlewis.com
Attorneys for Defendants
QUALITY SYSTEMS, INC., and NEXTGEN
HEALTHCARE INFORMATION SYSTEMS,
LLC

4819-2508-8044, v. 2