1  Andrew D. La Fiura (PA 307891)
   andrew.lafiura@jacksonlewis.com
2  Asima J. Ahmad (PA 316001)
   asima.ahmad@jacksonlewis.com
3  Cynthia S. Sandoval (SBN 191390)
   sandovac@jacksonlewis.com
4
   JACKSON LEWIS P.C.
5  Three Parkway
   1601 Cherry Street, Suite 1350
6  Philadelphia, PA 19102
   Tel: (267) 319-7802
7  Fax: (215) 399-2249
8
9
   Attorneys for Defendants
10 QUALITY SYSTEMS, INC. and NEXTGEN
   HEALTHCARE INFORMATION SYSTEMS, LLC
11
12
            UNITED STATES DISTRICT COURT
13  CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION
14
   TRACI WOLBERT,                          ) CASE NO.: SACV16-00009 JLS (DFMx)
15                                         )
              Plaintiff,                   ) [Assigned to the Hon. Josephine L. Staton,
16                                         ) Courtrm. 10A]
17   vs.                                   )
                                           )
18 QUALITY SYSTEMS, INC. NEXTGEN           ) MEMORANDUM OF POINTS AND
19 HEALTHCARE INFORMATION                  ) AUTHORITIES IN FURTHER
   SYSTEMS, and DOES 1 through 10,         ) SUPPORT OF DEFENDANTS'
20 INCLUSIVE,                              ) MOTION TO TRANSFER VENUE
21                                         )
              Defendants.                  )
22                                         )
                                           ) Hearing Date:    April 1, 2016
23                                         ) Time:            2:30 p.m
                                           ) Courtroom:       10a
24                                         )
25                                         )
                                           ) Complaint Filed: December 3, 2015
26                                         ) Trial Date:      August 8, 2017
27
28 / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Plaintiff's argument is essentially that Defendants have not demonstrated that the Eastern District of Pennsylvania is a "more convenient forum" than the Central District of California.  At the outset, Defendants reiterate that Plaintiff has lived in Pennsylvania since 2007 and currently lives *less than two miles* from the Eastern District of Pennsylvania courthouse in Philadelphia, PA.  Plaintiff's argument that the Central District of California -- located nearly 3,000 miles away -- is "more convenient" than a courthouse located literally down the street from her residence defies logic and screams of forum shopping.  Nevertheless, Plaintiff cites the following factors against transfer:  (i) Plaintiff will be unable to subpoena "crucial third-party witnesses" to testify at trial in the Eastern District of Pennsylvania; (ii) California has a greater interest in the case; and (iii) the Eastern District of Pennsylvania is more congested than the Central District of California.[1]  *Opp. Memo* at 1-2.  These arguments are unpersuasive.

## II.   ARGUMENT

### A. The location of potential third-party witnesses is not critical in this case.

Plaintiff's primary argument is that there are five third-party witnesses in California whose trial testimony cannot be compelled by the Eastern District of Pennsylvania.  Opp.

---

[1] Plaintiff makes two additional arguments which Defendants respectfully suggest require no further discussion.  First, as predicted, Plaintiff argues that her employment contract contains a choice of law provision mandating that California law will govern "all employment disputes."  *See Opp. Br.* at 13-14.  Second, Plaintiff argues that the Central District of California is more familiar with California law, which Plaintiff argues will apply to her claims against Defendants.  *See Id*.  Defendants' arguments on these issues were fully discussed in Defendants' Moving Brief and are incorporated herein.  *See Moving Br.* at 14, fn. 8 & 15.

CV-8:15-cv-00550-JLS-RNB                              2                    MEMORANDUM OF POINTS AND
                                                                                            AUTHORITIES IN FURTHER SUPPORT OF
                                                                                            DEFENDANTS' MOTION TO TRANSFER
                                                                                            VENUE

1   Br. at 9.[2]  First, Plaintiff's Rule 26 Initial Disclosures list *23* potential witnesses, eleven

2   of which appear to be third-party witnesses. *Declaration of Andrew D. La Fiura ("La*

3

4   *Fiura Dec."),* Exhibit 1.  Yet, in her Opposition, Plaintiff has chosen only to highlight the

5   five third party witnesses who happen to live in California.  While Defendants do not

6   concede that all of these individuals possess relevant, discoverable information, it is

7   disingenuous for Plaintiff to serve a list of 23 witnesses and then claim that only the five

8

9   who happen to live in California are important to her case.

10          Second, according to Plaintiff, only four of the five third-party California

11  witnesses, namely, Benjamin Mehling, Matthias Wagener, Sheldon Razin and Vicky

12

13  Hewlett are actually "material" to this matter. *Opp. Br. at 9.*  Mr. Mehling and Mr.

14  Wagener have been totally cooperative to date and Mr. Mehling has already provided an

15

16  affidavit detailing his knowledge of the case. *See Moving Br.* at 12.  Moreover, both Mr.

17  Mehling and Mr. Wagener have now provided sworn affidavits to appear for trial in

18

19  Philadelphia if necessary. *La Fiura Dec.,* Exh. 2 & 3 (Affidavits of M. Benjamin

20  Mehling and Matthias Wagener).[3]

21          With respect to the other "material" witnesses, Mr. Razin is QSI's former

22

23  Chairman of the Board and has no personal knowledge about this matter.  Defendants

24  will seek a protective order on his behalf should his testimony be sought in any forum.

25  Meanwhile, Ms. Hewlett is a former human resources employee who left Defendants'

26

27  [2] Plaintiff appears to concede that there will be no issue compelling deposition testimony
    for any third party witnesses, regardless of where they reside and regardless of where the
28  case is venued.
    [3] Defendants reserve the right to object to Mr. Wagener as a trial witness.

CV-8:15-cv-00550-JLS-RNB                    3              MEMORANDUM OF POINTS AND
                                                          AUTHORITIES IN FURTHER SUPPORT OF
                                                          DEFENDANTS' MOTION TO TRANSFER
                                                          VENUE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

employment in May 2012, approximately nineteen months before any of the alleged harassment at issue in this case, and over two and a half years prior to Plaintiff's termination. She clearly has no discoverable or relevant information and Defendants intend to object to her as a trial witness as well.

In sum, Plaintiff's concern on this issue seems misguided. She has identified four California witnesses beyond the *trial* subpoena power of the Eastern District of Pennsylvania. Two of them have no discoverable and/or relevant information and will be the subject of motions for protective orders and/or motions *in limine*. The other two have sworn, on penalty of perjury, to appear in Philadelphia for trial if necessary.

**B. <u>The Eastern District of Pennsylvania is clearly more convenient for all of the witnesses.</u>**

Plaintiff's Opposition focuses almost exclusively on the Court's ability to compel third-party witnesses to appear at trial. But this is only part of the analysis, and it assumes that some of the third-party witnesses will refuse to appear at trial without Court intervention. The Court also needs to consider the actual convenience of the witnesses who will, eventually, need to appear for depositions and at trial. Again, the Court need only look at Plaintiff's Initial Disclosures to determine that the Eastern District is more convenient. In addition to herself, Plaintiff lists the following witnesses:

- Alicia Carden (North Carolina)
- Vicky Hewlett (California)
- Christie Guthrie (Texas)
- Donna Greene (California)
- Terri Chamberlain (Missouri)
- Tonia Rockwell (California)
- Cheri Eplion (Indiana)
- Ricki Morgan (Oklahoma)

- Robert Hale (Georgia)
- Mike Lovett (Pennsylvania)
- Dan Morefield (California)
- Robert Murry (New Jersey)
- Andrew Seymour (Georgia)
- Dawn Sowash (Pennsylvania)
- Ben Mehling (California)

- Nancy Murphy (Pennsylvania)
- Steven Puckett (Florida)
- Diana Spengel (New Jersey)
- Andrew Seymour (Georgia)
- Gary Voydanoff (Indiana)
- Matthias Wagener (California)
- Sheldon Razin (California)

See La Fiura Dec., Exh. 1.   Only seven of these 22 witnesses live in California. Meanwhile, nearly double that number (13) live in or considerably closer to Pennsylvania.[4]   Again, this is the list of witnesses provided by *Plaintiff*, not Defendants.

## C. California does not have a greater interest in this case.

In support of her argument that California has a greater interest in this case, Plaintiff claims that California is where (i) the Defendants are incorporated and have their principle places of business; (ii) she suffered her retaliatory demotion; (iii) the investigation of her complaint occurred and; (iv) the decision was made to terminate her employment. *Opp. Br.* at 11.

While Defendants might be based in California and the actual decision to terminate Plaintiff and/or allegedly demote her may have been made in California, there is no dispute that Plaintiff was living and working in Pennsylvania when these events occurred. This fact is far more important to the venue analysis. *See e.g. Hawkes v. Hewlett-Packard*

---

[4] Ms. Guthrie (Texas) and Ms. Morgan (Oklahoma) are practically equal distance from California and Pennsylvania.

*Company*, 2012 U.S.Dist. LEXIS 19026, \*\*15-16 (N.D. Cal. Feb. 15, 2012) (the fact that Defendant maintained its headquarters in California and possibly made adverse employment decisions in California did not provide California with a greater interest than Virginia, which was where Plaintiff lived and worked during the course of her employment.); *Gelber v. Leonard Wood Memorial et. al.*, 2007 U.S. Dist. LEXIS 47535 (N.D. Cal. June 21, 2007) (where Plaintiff lived and worked from his home in California, holding that California still had a greater local interest than South Carolina despite the fact that decision to terminate Plaintiff was made at Defendant's headquarters in South Carolina). In addition, Plaintiff fails to acknowledge that Defendant NextGen maintains an operation in Pennsylvania that employs well over 500 people, one of which was Plaintiff herself. Clearly then, this controversy is not just about "Californians at California companies" as alleged by Plaintiff, but concerns a Pennsylvania resident (Plaintiff) and an employer with substantial operations and employees in Pennsylvania. *Opp. Br. at 13.*

Finally, Plaintiff is simply incorrect with respect to the sexual harassment investigation. While Plaintiff's initial interview was in California on November 6, her second interview occurred over Skype on December 22 while she was presumably in Pennsylvania. As discussed in Defendants' Moving Brief, of the 27 total interviews conducted, only eight of them were in-person interviews held in California. In contrast, seven of the interviews were conducted in Pennsylvania by Mr. Wagener's Philadelphia

based colleague and ten of them were conducted remotely over the internet or telephone. *Moving Br.* at 4.

### D. The Central District of California is a more congested docket.

Finally, Plaintiff focuses on the duration of cases in the Eastern District of Pennsylvania in arguing that it is more congested than the Central District of California. Plaintiff is correct that the average duration from the initial filing to trial date in the Eastern District is longer than in the Central District. According to the Judiciary's "Explanation of Terms," however, this statistic only considers the age and length of filings that actually go to trial – it does not take into account the vast number of cases that settle before trial. See La Fiura Dec., Exh. 4. The more important statistic is the length of time between filing and disposition, which is actually slightly shorter in the Eastern District of Pennsylvania. *Id.*

In the end, Plaintiff does not, nor can she, dispute that the Central District of California has approximately 4,000 more pending cases than the Eastern District of Pennsylvania. Nor does Plaintiff appear to dispute that the judgeships in the Central District have more standard filings, weighted filings and pending cases than the Eastern District of Pennsylvania. These are the most relevant statistics and they unquestionably demonstrate that the Central District of California is more congested than the Eastern District of Pennsylvania.

III.   **CONCLUSION**

For all of these reasons, Defendants believe that they have satisfied their burden of demonstrating that the Eastern District of Pennsylvania is a more convenient forum than the Central District of California, and hereby renew their request that this matter be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1404(a).

Dated:  March 18, 2016                              JACKSON LEWIS P.C.


                                                    By:   */s/ Andrew D. La Fiura*
                                                          Andrew D. La Fiura


                                                    Attorneys for Defendants
                                                    QUALITY SYSTEMS, INC. and NEXTGEN
                                                    HEALTHCARE INFORMATION SYSTEMS,
                                                    LLC

4817-0777-4255, v. 1

<b><u>CERTIFICATE OF SERVICE</u></b>

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CASE NAME:     TRACI WOLBERT vs. QUALITY SYSTEMS, INC., ET AL.

CASE NUMBER:   CV-8:15-cv-00550-JLS-RNB

   I am employed in the County of PHILADELPHIA, Commonwealth of Pennsylvania.  I am over the age of 18 and not a party to the within action; my business address is Three Parkway, 1601 Cherry Street, Suite 1350, Philadelphia, PA 19102.

   On March 18, 2016, I served following document(s) described as:

<b>MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT<br>OF DEFENDANTS' MOTION TO TRANSFER VENUE</b>

on the parties in this action listed below in the manner designated below:

<b><u>PLEASE SEE ATTACHED SERVICE LIST</u></b>

☒  **BY NOTICE OF ELECTRONIC FILING**.  The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

☒  **FEDERAL.**  I declare under penalty of perjury under the laws of the Commonwealth of Pennsylvania and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

   Executed on March 18, 2016, at Philadelphia, Pennsylvania.

             _____
             Andrew D. La Fiura

1

## <u>SERVICE LIST</u>

| | |
|---|---|
| Sharon Rachel Vinick, Esq.<br>LEVY VINICK BURRELL HYAMS LLP<br>180 Grand Avenue, Suite 1300<br>Oakland, CA  94612 | **Co-Counsel for Plaintiff,<br>TRACI WOLBERT**<br><br>Tel:    (510) 318-7700<br>Fax:   (510) 318-7701<br>Email:        sharon@levyvinick.com |
| Patricia V. Pierce, Esq.<br>GREENBLATT PIERCE ENGLE FUNT<br>AND FLORES<br>123 South Broad Street, Suite 2500<br>Philadelphia, PA  19109 | **Co-Counsel for Plaintiff,<br>TRACI WOLBERT**<br><br>Tel:    (215) 735-1600<br>Fax:   (215) 735-1660<br>Email:        p.pierce@gpeff.com |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND
AUTHORITIES IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER
VENUE