Andrew D. La Fiura (PA 307891)
andrew.lafiura@jacksonlewis.com
Cynthia S. Sandoval (SBN 191390)
sandovac@jacksonlewis.com
JACKSON LEWIS P.C.
5000 Birch Street, Suite 5000
Newport Beach, California 92660
Tel: (949) 885-1360
Fax: (949) 885-1380

Attorneys for Defendants
QUALITY SYSTEMS, INC. and NEXTGEN
HEALTHCARE INFORMATION SYSTEMS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TRACI WOLBERT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>QUALITY SYSTEMS, INC. NEXTGEN HEALTHCARE INFORMATION SYSTEMS, and DOES 1 through 10, INCLUSIVE,<br><br>　　　　Defendants. | CASE NO.: SACV16-00009 (JLSx)<br><br>**DECLARATION OF ANDREW D. LA FIURA IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Complaint Filed:　December 3, 2015<br>Trial Date:　　　　August 8, 2017 |

I, Andrew D. La Fiura, being duly sworn, declare and state as follows:

1.　I am one of attorneys representing Defendants Quality Systems, Inc. ("QSI") and NextGen Healthcare Information Systems, LLC ("NextGen") in this matter. I submit this declaration in support of Defendants' Motion to Transfer Venue. The following is based on my personal knowledge, and my knowledge based on my review of and familiarity with the pleadings, orders, and correspondence relating to the above-captioned

matter. If called as a witness, I could and would competently testify to the facts contained herein.

2. Attached as Exhibit 1 is a true and accurate copy of Plaintiff's Rule 26 Initial Disclosures.

3. Attached as Exhibit 2 is a true and accurate copy of the Affidavit of M. Benjamin Mehling.

4. Attached as Exhibit 3 is a true and accurate copy of the Affidavit of Matthais Wagener, Esq.

5. Attached as Exhibit 4 is a true and accurate copy of the United States Courts' Explanation of Terms, which were accessed on February 23, 2016 through the United States Courts website at http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/06/30-3.

I swear under penalty of perjury and the laws of the United States and California that the foregoing is true and correct to the best of my knowledge and belief.

Sworn to this March 18, 2016, at Philadelphia, Pennsylvania.

_____
Andrew D. La Fiura

4822-7938-5391, v. 1

# EXHIBIT 1

Sharon R. Vinick (SBN 129914)
sharon@levyvinick.com
LEVY VINICK BURRELL HYAMS LLP
180 Grand Avenue, Suite 1300
Oakland, CA 94612
Tel.:   (510) 318-7700
Fax:   (510) 318-7701

Patricia V. Pierce (SBN 175646)
p.pierce@gpeff.com
GREENBLATT PIERCE ENGLE FUNT & FLORES, LLP
123 South Broad Street, Suite 2500
Philadelphia, PA 19109
Tel.:   (215) 735-1600
Fax:   (215) 735-1660

Attorneys for Plaintiff TRACI WOLBERT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TRACI WOLBERT,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY SYSTEMS, INC., NEXTGEN HEALTHCARE INFORMATION SYSTEMS, and DOES 1 through 10, INCLUSIVE.<br><br>Defendants. | Case No. SACV16-00009 JLS (DFMx)<br><br>**PLAINTIFF TRACI WOLBERT'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26 (a)** |

TO:   DEFENDANTS QUALITY SYSTEMS, INC., NEXTGEN HEALTHCARE INFORMATION SYSTEMS

Pursuant to Federal Rules of Civil Procedure 26(a) Plaintiff TRACI WOLBERT (hereinafter "Plaintiff") hereby discloses to Defendant QUALITY SYSTEMS, INC. and NEXTGEN HEALTHCARE INFORMATION SYSTEMS (hereinafter "Defendants")

1

the following:

(A) The name and address of each person reasonably likely to have information that bears significantly on Plaintiff's claims identifying the subjects of information:

1. Traci Wolbert
   c/o Greenblatt Pierce Engle Funt & Flores, LLC
   123 S. Broad Street, Suite 2500
   Philadelphia, PA 19109

   Ms. Wolbert has information concerning all aspects of liability and damages.

The following list of people who may have information on liability concerning the subject matter of this case:

2. Alicia Carden
   Manager Clinical Analysts
   Quality Systems, Inc.
   Raleigh, NC

   Has information concerning Plaintiff's performance on the KBM Project and has witnessed some of Steve Puckett's harassment of Plaintiff.

3. Terri Chamberlain
   Kansas City, MO

   Former sales executive has information concerning harassment or retaliation of Plaintiff and/or other female employees who complained of sexual harassment.

4. Christie Guthrie
   Vice President of InPatient Program Management
   Quality Systems, Inc.
   Dallas, TX

   Took over Plaintiff's role on NG7 and assumed supervision of the design team managed by Plaintiff after she was demoted.

5. Cheri Eplion
   Regional Director Sales
   Simbiote Development LLC
   New Albany, Indiana

Has information concerning Defendants' maintenance of sexually hostile work environment and practice of punishing women who complained of sexual harassment.

6. Sheldon Razen
   Former Chairman of the Board
   Quality Systems, Inc.
   Irvine, CA

   Had knowledge of prior sexual harassment complaints against Steve Puckett. Authorized investigation into Plaintiff's complaint against Puckett. Had final approval authority for all decisions made concerning the NG7 product.

7. Donna Greene
   Sr. Vice President of Human Resources
   Quality Systems, Inc.
   Irvine, CA

   Has information concerning harassment or retaliation of Plaintiff and/or other female employees who complained of sexual harassment.

8. Robert Hale
   Product Owner NG7
   c/o Quality Systems, Inc.
   Atlanta, GA

   May have information concerning Plaintiff's performance on KBM or NG7 projects and/or all aspects of Plaintiff's performance. Has information concerning Puckett's decision-making authority for the NG7 product.

9. Vicky Hewlett
   Former VP of HR
   Hewlett Greene Consulting
   Laguna Hills, CA

   May have information concerning harassment or retaliation of Plaintiff and/or other female employees who complained of sexual harassment. Believed to have investigated Puckett for prior sexual harassment claim(s).

10. Mike Lovett
    Vice President of Operations
    NextGen
    Horsham, PA

Has information concerning Plaintiff's performance on KBM or NG7 projects and/or all aspects of Plaintiff's performance.

11. Ben Mehling
Former Vice President of NG7 Development
Irvine, CA

Has information concerning Plaintiff's performance on KBM or NG7 projects and/or all aspects of Plaintiff's performance. Terminated Plaintiff.

12. Dan Morefield
Chief Operating Officer, EVP Operations
Quality Systems, Inc.
Irvine, CA

Has information concerning performance of Plaintiff and Puckett on NG7, KBM and other products. Was a decision-maker on the Medicin product and assumed Puckett's duties.

13. Ricki Morgan
Chief Executive Officer
Ciscon Consulting
Ricki.morgan@ciscon.com

Consultant on NG7. Has information concerning KBM and NG7 projects during and after Plaintiff's termination.

14. Nancy Murphy
2935 Oklahoma Road
Willow Grove, PA  19090

Former HR Manager. Has information concerning harassment or retaliation of Plaintiff and/or other female employees who complained of sexual harassment; has information concerning Donna Greene's pattern of protecting male executives accused of sexual harassment by attempting to develop evidence of poor performance against the female victims of the harassment

15. Robert Murry, M.D.
200 Frenchtown Rd.
Milford, NJ 08848

Has final approval of all medical and legal related decisions for the NG7 product and has information concerning Plaintiff's performance on KBM and NG7 projects and/or all aspects of Plaintiff's performance.

16. Steve Puckett
    Former Chief Technical Officer, Quality Systems, Inc.
    Orlando, Florida,

    Sexually harassed, demoted and conspired to terminate Plaintiff. Mr. Puckett has information concerning Plaintiff's performance on KBM or NG7 projects and/or all aspects of Plaintiff's performance.

17. Tonia Rockwell
    c/o Spray Gould & Bowers
    Irvine, CA
    Has information concerning Defendants' maintenance of sexually hostile work environment and punishment of women who complained to human resources about sexual harassment.

18. Andrew Seymour
    Atlanta, GA

    May have information concerning harassment or retaliation of Plaintiff and/or other female employees who complained of sexual harassment.

19. Dawn Sowash
    Director of Programs
    Nextgen/Quality Systems, Inc.
    Horsham, PA

    Reported to Plaintiff; has information concerning harassment or retaliation of Plaintiff and/or other female employees who complained of sexual harassment and has information concerning Plaintiff's performance and management of her direct reports.

20. Diane Spengel
    Former Manager of Design
    Nextgen/Quality Systems, Inc.
    Princeton, N. J.

    Worked under Plaintiff and has information concerning harassment or retaliation of Plaintiff and/or other female employees who complained of sexual harassment.

21. Gary Voydanoff
    Executive VP of Sales
    Nextgen/Quality Systems, Inc.
    Ann Arbor, MI

Was part of senior management approval process for NG7 product and has information concerning Plaintiff's performance on KBM and NG7 projects and/or all aspects of Plaintiff's performance.

22. Matthias Wagener Esq.
Westlake Village, CA

Retained by QSI to conduct investigation into Plaintiff's complaint of sexual harassment and retaliation by Puckett and of Donna Greene's participation in targeting females who alleged sexual harassment for discipline and discharge.

(B) **A description by category and location of all documents and things that Plaintiff may use to support her claims unless used for purposes of impeachment:**

| Document | Location |
|---|---|
| 1. Correspondence and documents reflecting Plaintiff's performance, compensation and bonuses;<br>2. Documents and correspondence reflecting Plaintiff's work product;<br>3. Communications between Plaintiff and Defendants Puckett and Donna Greene concerning the harassment and retaliation;<br>4. Communications between Plaintiff and Defendants Puckett and Donna Greene concerning the harassment and retaliation;<br>5. QSI Employee Handbook; the Code of Business Conduct and Ethics | Documents are in the custody of Plaintiff. |

(C) **A Computation of Damages and Supporting Documents**

Plaintiffs currently have the following back pay losses, but despite extensive mitigation efforts, losses continue. Plaintiff has prepared the Excel spreadsheet attached hereto at Exhibit A reflecting anticipated wage loss. Since its preparation Plaintiff has obtained alternate employment at a reduced salary which will require recalculation.

(D) **Any Insurance Agreement Under Which An Insurance Business May be Liable to Satisfy all or part of a possible Judgment:**

Plaintiffs are not aware of what insurance agreements may cover the claims brought in this action.

Dated: 2/4/16

/s/ Pat V/P

Patricia V. Pierce (SBN 175646)
p.pierce@gpeff.com
GREENBLATT PIERCE ENGLE
FUNT & FLORES
123 S. Broad Street, 25th Floor
Philadelphia, Pennsylvania 19109
Tel: 215-735-1600; Fax: 215-735-1660

Sharon R. Vinick (SBN 129914)
sharon@levyvinick.com
LEVY VINICK BURRELL HYAMS LLP
180 Grand Avenue, Suite 1300
Oakland, CA 94612
Tel.:   (510) 318-7700
Fax:   (510) 318-7701

*Attorneys for Plaintiff*

# EXHIBIT 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TRACI WOLBERT,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY SYSTEMS, INC. NEXTGEN HEALTHCARE INFORMATION SYSTEMS, and DOES 1 through 10, INCLUSIVE,<br><br>Defendants. | CASE NO.: SACV16-00009 JLS (DFMx)<br><br>[Assigned to the Hon. Josephine L. Staton, Courtrm. 10A]<br><br>**AFFIDAVIT OF M. BENJAMIN MEHLING IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE** |

Hearing Date: April 1, 2016
Time: 2:30 p.m
Courtroom: 10a

Complaint Filed: December 3, 2015
Trial Date: August 7, 2017

### AFFIDAVIT OF M. BENJAMIN MEHLING

I, M. Benjamin Mehling, being duly sworn do depose and say as follows:

1. I was previously employed as Vice President of Research & Development for Quality Systems, Inc. ("QSI").

2. My current address is 28 Wild Rose Place, Aliso Viejo, California.

3. Although I am no longer employed by QSI, I fully intend to cooperate with QSI and its counsel as needed in this matter.

1

4. As part of my cooperation, I intend to voluntarily appear for a deposition and/or trial testimony if necessary. No subpoena or Court Order will be required to compel my appearance.

5. In addition, I understand that this matter may eventually be transferred to the Eastern District of Pennsylvania, sitting in Philadelphia Pennsylvania.

6. In the event this matter is transferred, I will voluntarily appear for live trial testimony in Philadelphia without the need of a subpoena or any Court order compelling my appearance.

I declare, under penalty of perjury, that the foregoing is true and correct.

_____
M. Benjamin Mehling

DATED: 3/15/2016

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| TRACI WOLBERT, <br><br> Plaintiff, <br><br> vs. <br><br> QUALITY SYSTEMS, INC. NEXTGEN HEALTHCARE INFORMATION SYSTEMS, and DOES 1 through 10, INCLUSIVE, <br><br> Defendants. | CASE NO.: SACV16-00009 JLS (DFMx) <br><br> [Assigned to the Hon. Josephine L. Staton, Courtrm. 10A] <br><br> **AFFIDAVIT OF MATTHIAS H. WAGENER, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE** <br><br> Hearing Date: April 1, 2016 <br> Time: 2:30 p.m <br> Courtroom: 10a <br><br> Complaint Filed: December 3, 2015 <br> Trial Date: None Set |

## AFFIDAVIT OF MATTHIAS H. WAGENER, ESQ.

I, Matthias H. Wagener, Esq., being duly sworn do depose and say as follows:

1. I am the founder and managing attorney of Wagener Law, P.C.

2. I am also licensed to practice law in the State of California.

3. In October 2014, I was retained by Defendant Quality Systems, Inc. ("QSI") to perform an investigation into certain allegations made by Traci Wolbert.

4. In connection with my retention, I signed an engagement letter which, among other things, obligates me to provide deposition and live trial testimony regarding my investigation if needed.

5. I interpret this agreement as requiring me to physically attend trial in connection with the above-referenced matter, if necessary, regardless of whether the trial takes place in California or some other jurisdiction.

6. I fully intend to cooperate with QSI and its counsel as needed in this matter.

7. As part of my cooperation, I intend to voluntarily appear for a deposition and/or trial testimony if necessary. No subpoena or Court Order will be required to compel my appearance.

8. In addition, I understand that this matter may eventually be transferred to the Eastern District of Pennsylvania, sitting in Philadelphia Pennsylvania.

9. In the event this matter is transferred, I will voluntarily appear for live trial testimony in Philadelphia without the need of a subpoena or any Court order compelling my appearance.

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED: 3-15-16

Matthias H. Wagener

# EXHIBIT 4

# Explanation of Selected Terms

## Number of Judgeships
The number of appeals and district court judgeships reflects the number of authorized federal judgeships approved by Congress.

## Vacant Judgeship Months
Vacant judgeship months are the total number of months that vacancies occurred in any judgeship position in a circuit or district. On September 30, 2014, a total of 50 vacancies existed in the district courts, and 6 vacancies existed in the U.S. courts of appeals (excluding the U.S. Court of Appeals for the Federal Circuit).

Court profiles for both the courts of appeals and district courts reflect only caseloads for judges within the circuit/district; the profiles do not address judges' activity when visiting other circuits/districts. Detailed data on visiting judges can be found in Tables V-1 and V-2 of *Judicial Business of the United States Courts*.

## Applications for Interlocutory Appeals
In 2012, this category was expanded to include applications for permission to appeal under 28 U.S.C. § 1292(b); appeals from district courts' orders granting or denying motions to remand class actions to the state courts under 28 U.S.C. § 1453(c); applications for permission to file direct appeals from bankruptcy court orders under 28 U.S.C. § 158(d); appeals from orders granting or denying class action certification under Fed. R. Civ. P. 23(f); and various miscellaneous proceedings.

## Supervised Release Hearings
Beginning with *2002 Federal Court Management Statistics,* data on hearings on violations of conditions of supervision are included in the district court profiles. These hearings, which are conducted when defendants violate the terms of supervised release or probation, can result in the modification of conditions or the revocation of supervision. In addition to providing data for the category of supervised release hearings filed per authorized judgeship, data on these hearings are included in the totals for overall filings and terminations, filings and terminations per authorized judgeship, and weighted filings per authorized judgeship. These changes to the district court profiles were approved by the Judicial Conference Subcommittee on Judicial Statistics.

## Weighted Filings
Weighted filings statistics account for the different amounts of time district judges require to resolve various types of civil and criminal actions. The Federal Judiciary has employed techniques for assigning weights to cases since 1946. In 2004, the Judicial Resources Committee of the Judicial Conference of the United States approved a civil and criminal case weighting system proposed by the Federal Judicial Center. On a national basis, weighted filings did not change significantly after the implementation of the new case weights. More than two-thirds of all district courts saw their weighted filings change by 10 percent or less. Average civil cases or criminal defendants each receive a weight of approximately 1.0; for more time-consuming cases, higher weights are assessed (e.g., a death-penalty habeas corpus case is assigned a weight of 12.89); and cases demanding relatively little time from judges receive lower weights (e.g., an overpayment and recovery cost case involving a defaulted student loan is assigned a weight of 0.10).

For comparative analysis in this report, the totals for weighted civil and criminal filings for prior years have been revised based on the new case weighting system. The weighted totals for criminal defendants include transfers but exclude reopenings. Data on civil cases arising by reopening, remand, and transfer to the

district by order of the Judicial Panel on Multidistrict Litigation are not included among the totals for weighted filings.

### Median Times
The median times are based on the amount of time elapsed from the date a case was filed to the date of its disposition for the middle case in a series containing an odd number, or the number midway between the two middle cases in a series containing an even number, when the cases are arrayed from least to the most time elapsed.

- **Criminal Felony**
  For criminal felony defendants, median time intervals are calculated using the period from the proceeding date for a defendant (e.g., the date an indictment or information was filed) to the date on which the defendant was found not guilty or was sentenced. Prior to March 2012, the median time interval was computed beginning with the defendant's filing date. Therefore, data for March 2012 and thereafter are not comparable to data for previous periods.

- **Civil**
  For civil cases, median time intervals are calculated using the period from the date a case was filed to the date of its disposition. Median times from filing to disposition reflect all terminated civil cases, regardless of whether they were disposed of by trial or some other method. Civil median times exclude data for civil cases involving land condemnation, prisoner petitions, deportation reviews, recovery of overpayments, and enforcements of judgments. Because courts can quickly process cases involving the recovery of overpayments (which primarily address veterans' benefits) and enforcements of judgments (which primarily address student loans), including data on these cases would shorten the civil median times for some courts to the point of giving an inaccurate impression of the time usually required to process a case in the federal courts.

- **From Filing to Trial (Civil Only)**
  For civil cases, median times from filing to trial are computed using the period from the date a case was filed to the date trial began. For any reopened civil case resulting in a second completed trial, the median time is based on the case's original filing date and the date the trial was completed.

### Civil Cases Over Three Years Old
Data for cases pending more than three years may not match those presented in the Civil Justice Reform Act (CJRA) reports because the profiles presented herein include data for cases on appeal in other courts (i.e., the Supreme Court, courts of appeals, other district courts, and state courts), whereas the CJRA reporting guidelines exclude such data.

### Civil and Criminal Felony Filings by Nature of Suit and Offense
Prior to 2005, alphabetical codes corresponded to different offenses and natures of suit. Therefore, data for 2005 and thereafter are not comparable to data for earlier years. Beginning in March 2012, criminal data count defendants rather than cases and will not match previously published numbers.